Locke —Judge
delivered the opinion of the court — -To . • « . tv * i . _ ascertain whether there is a sufficient’consideration in this case to support an assumpsit, it is first necessary to f-ne whether the plaintiff was not bound to by operation of the subpoena, and without any additional recompence or reward. The act of 1777,- eh. 3, declares 1 es that every witness being summoned to appear in any of the said courts in manner as herein before described, shall appear accordingly and continue to attend from term to ' Until discharged by the court, or the party at whose , *182 instance such witness shall be summoned ; and in default shall forfeit and pay to the person at whose instanpe the subpoena issued the sum of fifty pounds, and shall be further liable to the action of such party for the foil damageq which may be sustained for want of such witness’s testimony ; who shall recover the same by seicre facias with costs.” From this section the court infers, that to enforce the attendance of a witness at each and every teim during the continuance of the suit, it is only access ry tbai In- should be subpcsned once 5 and if he fail and is called our, the forfeiture of fifty pounds does not release the witness, from an obligation to attend at the subsequentterm. And this inference the court draws from two considerations : first, because the law declares, that be shall continue to attend from term to term until discharged by the court or the par-at whose instance he was summoned ; and is altogether silent as to the forfeiture operating to release him , it states expressly how long he shall attend under >he subpoena and bow he’is to be released — and secondly, because the dama-which the act gives the remedy to recover against the witness, could never be obtained or enforced, if upon the default made by the witness, calling him out upon ills subpoena, was to release him from further attendance. For he was examined upon the trial of the cause, few instances would occur in which the plaintiff would be ena .led ascertain what the witness could have proved had he attended, and what proportion of damages he sustained on account of his non-attendance ; and if ho is to he discharged upon the first forfeiture, the plaintiff would in- deprived of this additional remedy. But if the construction by the court to the act of assembly be correct, the Remedy is easy and the proof plain. Suppose a witness to so material, that on his testimony alone, a particular i« the cause can be supported, and he fails to attend pursuant to the sub peen a served on him : he is called out, plaintiff compelled to suffer a non-suit by reason of his *183 Xton-attendance, or to continue the cause, or being non-suit ' * ° ed, prays to have the non-suit set-aside and the cause re-in-” stated, which is granted to him upon payment of all costs up to that time : at the next term the witness attends, the cause is tried, and the plaintiff recovers — surely the plaintiff would De entitled to recover these costs by way of damages sustained by him from the absence of tho witness. Rut it is said that the part of the act can still be enforced by taking out a second subpoena — this would expose the plaintiff to more trouble and expense than the lav; intended to impose upon hint ; and if the legislature had intended to expose him to this trouble and expense, they would have expressed such intention ; but they have expressly said the contrary by compelling the witness to attend until discharged under one subpoena. Suppose tho mode of suing out other subpoenas upon lire default of witnesses was adopted,, and in a case where there might be twenty witnesses ; each witness fails to attend for two or three terms and is called out at eacli court, and new7 subpoenas are issued ¿ the plaintiff finally recovers ; would it be just or fair to make the defendant pay for all these subpoenas ? or would it be any object to the plaintiff to bring an action on the case against each witness to recover the costs of a single subpoena l If not, then this additional expense is to be incurred by the plaintiff, who has obtained his judgment and who, the law intends, should recover al! his costs. The court is therefore of the opinion that this witness was under an obligation to attend Ihe courts without any additional reward, and by virtue of his subpoena ; and if so, the promise on winch tins suit is brought is without consideration, and must be regarded as a nudum pactum<■ It is a rule well settled, that an assumpsit will not lie to recover money promised for doing that, which it was the party’s duty to do without reward — % Bur « 924 S-ateshury X’S, Snaiffs —judgment must be entered for the defendant.